UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| OCEANUS PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 14-168-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| AGRICULTURAL DEPT., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Oceanus Perry, an inmate confined by the Bureau of Prisons ("BOP") at the United States Penitentiary ("USP")-McCreary, in Pine Knot, Kentucky, has filed: (i) a "Formal Motion for Injunction" [Record No. 33], which will be denied; and (ii) a "Tendered Amended Complaint" [Record No. 33-1], which will be dismissed for failure to state a claim upon which relief can be granted.

**I.**

In July 2014, Perry filed a Complaint asserting various constitutional claims under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) against fifty-one defendants. [Record No. 1] Perry alleged that between late November 2011 and late June 2014 the defendants (officials of several various federal prisons where Perry has been confined, as well as several federal agencies) violated his rights under the First, Fifth, and Eighth Amendments of the United States Constitution. Perry also asserted various claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. Perry demanded compensatory and punitive damages from the

defendants in their official and individual capacities.  [*Id.*, pp. 21–23]  Perry also requested an injunction directing BOP officials to immediately transfer him, his personal property, and his legal documents to the USP-Lee in Pennington Gap, Virginia, or the Federal Correctional Institution ("FCI")-Butner in Butner, North Carolina.  [*Id.*, p. 3]

On February 23, 2015, Perry filed a document entitled "Notice of Retaliation" [Record No. 19], in which he alleged that on January 28, 2015, "Lt. Long," of USP-McCreary, had verbally threatened him because he had filed this action.  Perry did not name "Lt. Long" as a defendant, but in his supplemental filing Perry claimed that Lt. Long threatened to have his cell searched, send him to the Segregated Housing Unit ("SHU"), and confiscate his legal work if Perry did not drop the lawsuit.  [*Id.*]  Perry alleged that the next day (January 29, 2015), he was taken to the SHU and charged with committing a "fraudulent" contraband offense.  [*Id.*]

On March 19, 2015, Perry renewed his request for a preliminary injunction seeking to have BOP officials to transfer him to USP-Lee or FCI-Butner.  [Record No. 21]  Perry alleged that he had "experienced continued and recently increased retaliation related to litigation and pursuit of redress."  [*Id.*, p. 1]  In support, Perry attached his own affidavit. [Record No. 21-1]

The Court screened Perry's *Bivens* Complaint and, on April 16, 2015, entered a Memorandum Opinion and Order dismissing all of Perry's FTCA claims, the majority of his constitutional claims, and forty-five defendants from this action.  However, the Court allowed claims to proceed against five individually-named USP-McCreary defendants in their individual capacities.  [Record No. 23]  The Court determined that Perry was not entitled to injunctive relief as requested in his Complaint and supplemental filings.

On April 29, 2015, Perry filed an interlocutory appeal regarding the Memorandum Opinion and Order. [*See* Record No. 26.] On May 29, 2015, the United States Court of Appeals for the Sixth Circuit dismissed Perry's interlocutory appeal to the extent that it pertained to the partial dismissal of some defendants, stating that "[o]nly issues regarding the denial of the preliminary injunction may be raised on appeal." [Record No. 34; *see Oceanus Perry v. Agric. Dep't., et al.*, No. 15-5458 (6th Cir. May 29, 2015)] Thus, the denial of Perry's requests for a preliminary injunction/transfer to another BOP facility is pending on appeal before the United States Court of Appeals for the Sixth Circuit, Case No. 15-5458.

On the same day the Sixth Circuit entered its Order, Perry filed another motion with this Court seeking a preliminary injunction. [Record No. 33] Perry again asks to be transferred, this time either to USP-Lee, USP-Coleman in Sumterville, Florida, or FCI-Coleman, also in Sumterville, Florida. Perry reiterates the same facts which he alleged in his original Complaint [Record No. 1] and supplemental filings, dated February 23, 2015 [Record No. 19], and March 19, 2015 [Record No. 21]. Perry maintains that he has alleged facts which satisfy all of the criteria for entering a preliminary injunction, and that this Court should immediately enter an order directing the BOP to transfer him to the federal prison facility of his choosing. Perry also tendered an Amended Complaint [Record No. 33-1] which the Clerk of Court filed as an attachment to the motion for preliminary injunction.

**II.**

**A. "Formal Motion for Injunction"**

In his "Formal Motion for Injunction" [Record No. 33], Perry again seeks the same relief which this Court denied in its earlier Memorandum Opinion and Order. Perry bases his current motion on the same facts that he alleged in his prior filings -- facts which the Court

-3-

has previously considered and rejected as insufficient to support the injunctive relief requested.[1]  Perry has appealed the denial of his requests for injunctive relief/transfer to another BOP facility, and that same issue is pending on interlocutory appeal before the Sixth Circuit, Case No. 15-5458.  Thus, Perry seeks the same injunctive relief here and in the appellate court.  However, Perry cannot simultaneously pursue the same relief, based on the same facts, in two separate courts.

While his appeal was pending before the Sixth Circuit, the plaintiff in *Foster v. Wells Fargo*, No. 12-12776, 2012 WL 3536700, at *1 (E.D. Mich. Aug. 9, 2012), filed a "companion case" in the district court raising the same claims and subject matter which he had unsuccessfully raised in the prior case and were on appeal.  *Id*. at *1.  The district court dismissed the plaintiff's successive companion case and denied his requests for injunctive relief as moot, concluding that it lacked subject matter jurisdiction over both his claims and his requests for injunctive relief.  *Id*. at *2.

"The filing of an appeal 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'"  *Id*. at *1 (quoting *Maresse v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)).  The district court determined that it could not address the plaintiff's request for injunctive relief because the plaintiff was impermissibly pursuing the same type of injunctive relief at both the district and appellate levels.  *Id.*  "Although the district court retains jurisdiction over matters that may aid in the appeal," where the plaintiff asks the court to reverse its earlier

---

1  Perry's motion references two additional facts occurring on March 19, 2015, and March 31, 2015.  [Record No. 33, ¶¶ 17, 18]  While occurring at a later date, these allegations are substantially similar in substance and form to those already considered and rejected by the Court in its April 16, 2015 Memorandum Opinion and Order.  Thus, even to the extent that this Court could consider these additional allegations, Perry would not be entitled to injunctive relief for the reasons set forth in that opinion.

decision and grant relief which was already denied, "the matter would not aid in the appeal but would impermissibly enlarge the judgment on appeal." *Id.* (citations omitted).

Perry's motion seeking injunctive relief/transfer to another BOP facility is barred on the same basis. Perry demands a transfer to the BOP facility of his choosing from this Court, while seeking the same relief in his interlocutory appeal. Nothing in Perry's current motion can be considered as "collateral" to the issue currently pending on appeal and thus appropriate for consideration "in aid of the appeal." Perry has chosen to appeal the issues underlying the denial of his demand for injunctive relief/transfer to another BOP facility, and this Court is without jurisdiction to consider a renewed request for identical relief, based on the same facts, while that appeal is pending. As a result, this motion will be denied.

   **B. Amended Complaint**

Perry has also filed an "Amended Complaint" [Record No. 33-1] which is subject to initial screening under 28 U.S.C. §§ 1915(e)(2)(b), 1915A. Perry re-asserts the claims set forth in his original Complaint [Record No. 1], but alleges that between December 1, 2011, and July 2014, the named defendants conspired to violate his constitutional rights, discriminated against him because he had exercised his right to file this civil action, and retaliated against him.

In Count I of the Amended Complaint [Record No. 33-1, pp. 3–4] Perry asserts civil conspiracy claims against the FTC-Oklahoma staff in connection with a body search which occurred at that facility between November 28, 2011, and December 1, 2011. As discussed in the Court's earlier Memorandum Opinion and Order [Record No. 23, pp. 13–15], this Court lacks personal jurisdiction over the FTC-Oklahoma defendants, so it is unable to

entertain either Perry's original claims or the new claims which he asserts against those defendants in the Amended Complaint.

In Count II of the Amended Complaint, Perry asserts similarly worded conspiracy claims against the USP-McCreary defendants, but fails to state a claim upon which relief can be granted. Perry adopts the factual assertions made in his original Complaint [Record No. 1], but now alleges that between December 1, 2011, and July 2014, the USP-McCreary staff members named as defendants herein "did combine, conspire, and confederate together and with others to punish the Plaintiff for filing a complaint of staff misconduct, and a prior charge of assault of staff, in violation of his constitutional rights." [Record No. 33-1, p. 5, ¶ 2] Perry further alleges:

> It was the object of the conspiracy by the Defendants to punish the Plaintiff because of the fact that the Plaintiff had filed Administrative Remedy complaint and filed a complaint of staff misconduct to the Office of Inspector General against various individuals employed by the Bureau of Prisons, and because Plaintiff sought redress of his grievances from the District Court of the United States, and various public officials, and because Plaintiff contacted members of United States Government.

[*Id*., p. 6, ¶ 4]

Perry then adopts and reiterates his prior claims (set forth in his original Complaint) that the USP-McCreary defendants discriminated and retaliated against him because he had made institutional complaints. In the April 16, 2015 Memorandum Opinion and Order, the Court discussed in detail why Perry's constitutional claims against all but five USP-McCreary defendants failed to state a claim upon which relief could be granted. And nothing contained in Perry's Amended Complaint — including his broad allegations of a "conspiracy" — changes that result.

Case: 6:14-cv-00168-DCR   Doc #: 36   Filed: 06/12/15   Page: 7 of 10 - Page ID#: 943

A civil conspiracy is an agreement between two or more people to injure another individual by unlawful action. *See Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997). A civil conspiracy claim under 42 U.S.C. § 1983 or *Bivens* lies where there is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). To prevail on such a claim in this context, the plaintiff must demonstrate "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed" in furtherance of the conspiracy that caused the injury. *Id.*; *Collyer*, 98 F.3d at 229. Moreover, a plaintiff must allege facts showing not only an agreement by defendants to violate his or her constitutional rights, but also an actual deprivation of a constitutional right. *Stone v. Holzberger*, 807 F. Supp. 1325, 1340 (S.D. Ohio 1992) ("[P]laintiff must allege and prove both a conspiracy and an actual deprivation of rights; mere proof of conspiracy is insufficient to establish a section 1983 claim.").

Further, "conspiracy claims must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007) (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy"); *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). Thus, "pleading requirements governing civil conspiracies are relatively strict." *Fieger*, 524 F.3d at 776. The plaintiff must provide factual support regarding the material elements of his conspiracy claim. *See Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009). Perry has not done so in his Amended Complaint.

-7-

In Count II of his Amended Complaint, Perry broadly claims that the defendants "did combine, conspire, and confederate together." [Record No. 33-1, p. 5, ¶ 2] He further claims that "[i]t was the object of the conspiracy by the Defendants to punish the Plaintiff because of the fact that Plaintiff had filed Administrative Remedy complaint and filed a complaint of staff misconduct to the Office of Inspector General . . . ." *Id.*, p. 6, ¶ 4. However, those statements are merely legal conclusions, not factual allegations. Perry does not allege any new facts in support of his civil conspiracy claims. And he does not allege any facts indicating how or when any of the numerous USP-McCreary defendants met, what their common plan was, or what steps each of them took to carry out an alleged conspiracy to deprive him of his rights. Instead, Perry merely relies on the factual allegations set forth in his original Complaint. Those allegations were specific regarding each of the named USP-McCreary defendant and their alleged insular and discrete actions, but they do not support a claim of civil conspiracy. As discussed in the Memorandum Opinion and Order, Perry's claims were sufficient only with respect to five USP-McCreary defendants. [Record No. 23]

District courts in this and other circuits have held that conclusory allegations, such as allegations that "Defendants conspired together to intentionally deprive Plaintiffs of their civil rights" and/or that "Defendants . . . conspired together to violate Plaintiffs' constitutionally protect civil and property rights" were too vague, and too lacking in factual content to state a claim. *Barrett v. Marbley*, No. 2:14-CV-0216, 2014 WL 1308697, at *9 (S.D. Ohio Mar. 28, 2014) (citing *Stebelton v. Bloom Tp. Bd. of Zoning Appeals*, No. 2:09-CV-808, 2010 WL 1629868, at *5 (S.D. Ohio Apr. 21, 2010)); *see also Gonzales v. Price*, No. 1:07-CV-01391-AWI-SMS (PC), 2009 WL 4718850, at *7 (E.D. Cal. Dec. 2, 2009)

("[T]he bare allegation that Defendants acted in concert to violate Plaintiff's constitutional rights does not suffice to give rise to a cognizable conspiracy claim.").

Even assuming that Perry supported his broad and generalized allegations with additional and specific details, his assertions would still be insufficient to state a claim of civil conspiracy. An alleged "conspiracy" to unfairly deny inmate grievances would not state a conspiracy to deny any constitutional right, and as discussed in the Memorandum Opinion and Order [Record No. 23, p. 23], the mere denial of a prisoner's grievance states no claim of constitutional dimension. *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) (dismissing defendants upon initial screening because the only allegation against them was that they participated in the denial of grievances concerning his complaints of inadequate medical care).

In summary, Perry has only asserted broad and general allegations of a conspiracy, unsupported by material facts, and his broad and conclusory allegations are insufficient to state a claim for relief *Bivens*. *See Anderson v. Cnty. of Hamilton*, 780 F. Supp. 2d 635, 652 (S.D. Ohio 2011) (dismissing vague and broadly worded conspiracy allegations as insufficient under 42 U.S.C. § 1983).

### III.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1.  Plaintiff Oceanus Perry's "Formal Motion for Injunction" [Record No. 33] is **DENIED**.

2.  The Clerk of the Court shall docket Record No. 33-1 as an **AMENDED COMPLAINT**.

3.      Counts I and II of the Amended Complaint [Record No. 33-1] are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

4.      The Clerk of this Court shall transmit a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit, referencing Case No. 15-5458.

This 12th day of June, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge